[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11855
Non-Argument Calendar
_____

D. C. Docket No. 05-01235-CV-T-26-MAP

YASSER A. IBRAHIM,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY,
d.b.a. Hartline, et al.,

Defendant,

HILLSBOROUGH AREA REGIONAL
TRANSIT AUTHORITY,
a.k.a. Hart, d.b.a. Hartline,
DONNA LOY,
TROY CHAMPAGNE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 3, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Yasser A. Ibrahim appeals the district court's grant of summary judgment to the Hillsborough Area Regional Transit Authority ("HART") as to his claims of discriminatory failure to promote, based on his religion and national origin, and retaliatory failure to promote and discharge, brought pursuant to Title VII of the Civil Rights Act of 1964. After applying for and not receiving three promotions, Ibrahim filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Ibrahim then applied for another promotion, which he did not receive. Subsequently, HART fired Ibrahim after an incident in which he yelled at his supervisors after they questioned him about his work. Ibrahim filed another EEOC charge, alleging that HART refused the final promotion and fired him in retaliation for filing the initial EEOC charge.

Appealing *pro se*, Ibrahim argues that he was more qualified than the comparators who were promoted, and HART hires individuals based on their race and religion, not based on their qualifications. He contends that he was not terminated for misconduct, but rather, for complaining to management regarding their discrimination and mismanagement. He asserts that the confrontation leading to his discharge was a "setup."

2

We review "*de novo* a district court's grant of summary judgment, applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

A plaintiff may establish his case under Title VII through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272-73 (11th Cir. 2002). Under this framework, the plaintiff first must establish a *prima facie* case of discrimination, which creates a rebuttable presumption of discrimination. *Id.* at 1272. Once a plaintiff has made a *prima facie* showing of discrimination, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for

the employment action. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55, 101 S. Ct. 1089, 1094-95, 67 L. Ed. 2d 207 (1981). If the defendant articulates a legitimate, non-discriminatory reason, the plaintiff must come forward with evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were pretextual. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997).

Because Ibrahim did not present any evidence indicating that HART's legitimate, non-retaliatory reasons for not promoting him and for firing him were a pretext for discrimination, we conclude that the district court did not err in granting summary judgment to HART.

**AFFIRMED.**